UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| G.E.S., | ) |
|     Plaintiff, | ) |
| v. | ) Case No. |
| CITY OF FLORISSANT, | ) **JURY TRIAL DEMANDED** |
| OFFICER JULIAN ALCALA,<br>  *in his individual capacity only* | ) |
|     Defendants. | ) |

**PLAINTIFF'S COMPLAINT, CIVIL RIGHTS, 42 U.S.C. 1983:
SUBSTANTIVE DUE PROCESS, UNLAWFUL SEARCH, UNLAWFUL SEIZURE, AND
*MONELL* LIABILITY**

G.E.S., by counsel W. Bevis Schock and Daniel Goldberg, states as her Complaint, Civil Rights, 42 U.S.C. 1983, for Substantive Due Process, Unlawful Search, and Unlawful Seizure against Officer Julian Alcala in his individual capacity only, and for *Monell* liability against the City of Florissant:

**INTRODUCTION**

1. During two traffic stops for a broken taillight, Defendant Officer Julian Alcala took Plaintiff's cell phone back to his patrol car, used his phone to take pictures of photos she had of herself on her phone, unclothed. He observed those photos himself, and also distributed the photos to others. On inference, and subject to discovery, the City was the cause of those acts through unconstitutional hiring, retention, and supervision of Alcala, and through the unconstitutional allowing of such conduct to become the City's custom and practice. On information and belief there are at least seven other victims.

1

## JURISDICTION AND VENUE

2. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the relevant events occurred within St. Louis County, Missouri, which is within the Eastern Division of this Court.

## COLOR OF STATE LAW

5. At all relevant times, both Defendants acted under color of state law. Particularly, at all relevant times, both Defendants acted under the color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri.

## JURY DEMAND

6. Plaintiff demands a jury trial on all factual issues, including damages.

## PARTIES

7. Plaintiff G.E.S. is an individual residing in St. Louis County, Missouri.

8. Defendant City of Florissant is a lawfully formed and functioning municipality in St. Louis County, Missouri

9. Defendant Officer Julian Alcala is an individual. At all relevant times he was employed as a police officer by Defendant City of Florissant. Plaintiff holds him liable in his individual capacity only.

## FACTS

### Alcala's Conduct

10. On two separate occasions in approximately early 2024 G.E.S. was driving in Florissant

and Officer Julian Alcala used his patrol lights to pull her over. The following events then occurred on both occasions.

11. Alcala asked for her proof of insurance, and she explained that her proof of insurance was on her phone.

12. Alcala demanded that she open her phone and she complied.

13. Alcala took G.E.S.'s phone back to his patrol car.

14. Alcala then searched the photos on her phone.

15. On the phone G.E.S. had several pictures of herself wholly unclothed, including pictures of her most private parts.

16. She had those pictures on her phone for her own private purposes.

17. Alcala found the pictures.

18. Alcala used his phone to take pictures of those pictures.

19. Alcala distributed those pictures to others.

### G.E.S. Had No Knowledge

20. G.E.S. had no knowledge that Alcala had taken photos of her photos or had distributed photos of her unclothed until an FBI agent contacted her several months later.

### Other victims

21. On information and belief there are at least seven other victims.

### The City's Conduct

22. On inference, and subject to discovery, the City was the cause of these acts through the unconstitutional hiring, retention, and supervision of Alcala, and through the unconstitutional allowing of such conduct to become a custom and practice.

23. On inference the City's conduct was a deliberate choice of a guiding principle or

procedure made by municipal officials with final authority regarding such matters.[1]

## DAMAGE TO PLAINTIFF - GARDEN VARIETY EMOTIONAL DISTRESS

24. Plaintiff has suffered shocking degradation and egregious humiliation.

25. Plaintiff has suffered stress, fear and indignity.

26. Plaintiff has lost respect for police and law enforcement.

27. Plaintiff has suffered emotional distress that is medically significant.

## BODILY INTEGRITY, RIGHT TO PRIVACY, SUBSTANTIVE DUE PROCESS

28. The right to privacy is embodied in the Fourteenth Amendment and includes an individual's interest in avoiding disclosures of personal matters.[2]

29. The obtaining of G.E.S.'s pictures and the dissemination of those pictures was either a shocking degradation and/or an egregious humiliation of her to further some specific state interest, and/or a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information.[3]

30. G.E.S. had a legitimate expectation that the information would remain confidential while in Alcala's possession.[4]

31. The photos were inherently private, and are thus entitled to constitutional protection.[5]

32. The right to privacy is deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they

---

[1] *Corwin v. City of Independence.*, 829 F.3d 695, 700 (8th Cir. 2016)
[2] *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993) citing *Whalen v. Roe*, 429 U.S. 589 (1977)
[3] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435 F. Supp. 3d 955, 976 (N.D. Iowa 2020).
[4] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435 F. Supp. 3d 955, 976 (N.D. Iowa 2020).
[5] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435 F. Supp. 3d 955, 976 (N.D. Iowa 2020).

were sacrificed.[6]

33. Plaintiff has a Fourteenth Amendment due process right as a protection against unreasonable bodily intrusions by state-actors, which includes a substantive due process right to bodily integrity and bodily privacy.[7]

34. Alcala's conduct shocks the conscience.[8]

35. Alcala's conduct was truly irrational, that is, it was something more than arbitrary, capricious, or a violation of state law.[9]

### RIGHT TO BE FREE OF UNREASONABLE SEARCH AND SEIZURE, WELL ESTABLISHED OR SO EGREGIOUS

36. The right to be free of an unreasonable search of unclothed photos on a cell phone by government actors, for no legitimate government purpose, is well established, or the conduct is so egregious that any reasonable officer would have realized that searching Plaintiff's phone for photos of herself unclothed would offend the Constitution and so no

---

[6] *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)

[7] The Supreme Court has recognized a "liberty interest" in "bodily integrity," *id.*, meaning the Due Process Clause protects individuals from some government intrusions into their body. *United States v. Morris*, 494 F. App'x 574, 580 (6th Cir. 2012) (explaining a Fourteenth Amendment due process right as "protection against unreasonable bodily intrusions by state-actors"); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 795 (8th Cir. 1998) (recognizing a "substantive due process right to bodily integrity"); *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1160–61 (9th Cir. 2020) (discussing Fourteenth Amendment's clearly established due process right to "bodily privacy"), *Doe v. Saint Louis Pub. Sch.*, No. 4:19-CV-3080-MTS, 2022 WL 2156970, at *4 (E.D. Mo. June 15, 2022).

[8] "Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881–82 n.6 . (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 882 n.7 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, (1998)). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " *Id.* (quoting *Sacramento*, 523 U.S. at 848 n. 8). *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020).

[9] *Klein v. McGowan,* 198 F.3d 705, 710 (8th Cir.1999)

5

prior case with the same fact pattern is required to meet the clearly established prong of the qualified immunity analysis.[10] The right to be free of an unreasonable search of photos on a cell phone by government actors is well established.

37. The right to be free of an unreasonable seizure of unclothed photos on a cell phone by government actors, for no legitimate government purpose, is well established, or the conduct is so egregious that any reasonable officer would have realized that searching Plaintiff's phone for photos of herself unclothed would offend the Constitution and so no prior case with the same fact pattern is required to meet the clearly established prong of the qualified immunity analysis.[11] The right to be free of an unreasonable seizure of photos on a cell phone by government actors is well established.

## *MONELL* LIABILITY[12]

38. On inference, supported by the number of victims:

    a. There was a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; or

    b. There was deliberate indifference to or tacit authorization of such conduct by the city's policymaking officials after notice to the officials of that misconduct; or

    c. G.E.S. was injured by acts pursuant to the City's custom, that is, the custom was a moving force behind the constitutional violation.[13]

## PUNITIVE DAMAGES AGAINST ALCALA

39. Alcala's conduct was malicious or recklessly indifferent to G.E.S.'s constitutional right to

---

[10] *Taylor v. Riojas*, 592 U.S. 7, 9 (2020)
[11] *Taylor v. Riojas*, 592 U.S. 7, 9 (2020)
[12] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).
[13] *Corwin v. City of Independence.*, 829 F.3d 695, 700 (8th Cir. 2016), (quoting *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014))

substantive due process.[14]

40. Alcala's conduct involved intentional malice and repetition of the wrongful conduct.[15]

## ATTORNEY'S FEES AND COSTS

41. In pursuit of her § 1983 civil rights claims, Plaintiff is incurring reasonable attorney's fees and taxable and not-taxable costs

## COUNT I
## SUBSTANTIVE DUE PROCESS AGAINST ALCALA

42. Plaintiff incorporates all prior paragraphs.

43. *First*, Defendant Alcala took photographs of Plaintiff's photos on Plaintiff's phone in which she was unclothed, and

44. S*econd*, the action was so egregious and outrageous that it shocks the conscience and was not justified by governmental interest, and

45. *Third*, as a direct result, Plaintiff was damaged.[16]

46. Alcala's conduct therein was malicious or recklessly indifferent to G.E.S.'s constitutional rights.[17]

47. Alcala's conduct therein involved intentional malice and repetition of the wrongful conduct.[18]

WHEREFORE, Plaintiff G.E.S. prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of Plaintiff's constitutional right to substantive due process, for punitive damages, and for taxable costs, non-taxable costs,

---

[14] 8th Cir. model jury instructions, 4.72.
[15] 8th Cir. model jury instructions, 4.72.
[16] 8th Cir. model jury instructions, 4.40, *Vaughn v. Ruoff*, 304 F.3d 793, 796 (8th Cir. 2002).
[17] 8th Cir. model jury instructions, 4.72.
[18] 8th Cir. model jury instructions, 4.72.

reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

## COUNT II
## UNCONSTITUTIONAL SEARCH AGAINST ALCALA

48. Plaintiff incorporates all prior paragraphs.

49. *First,* during a traffic stop Defendant Alcala searched Plaintiff's photos on Plaintiff's phone and saw photos of Plaintiff unclothed, and

50. *Second,* the search of the photos on Plaintiff's phone was not reasonably necessary for the traffic stop, and

51. *Third,* as a direct result, the Plaintiff was damaged.[19]

52. Alcala's conduct therein was malicious or recklessly indifferent to G.E.S.'s constitutional rights.[20]

53. Alcala's conduct therein involved intentional malice and repetition of the wrongful conduct.[21]

WHEREFORE, Plaintiff G.E.S. prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of Plaintiff's constitutional right to be free of unreasonable search, for punitive damages, and for taxable costs, non-taxable costs, reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

## COUNT III
## UNCONSTITUTIONAL SEIZURE AGAINST ALCALA

54. Plaintiff incorporates all prior paragraphs.

---

[19] 8th Cir. model jury instructions, 4.40.
[20] 8th Cir. model jury instructions, 4.72.
[21] 8th Cir. model jury instructions, 4.72.

55. *First,* Defendant Alcala used his own phone to take pictures of Plaintiff's photos on Plaintiff's phone which showed her unclothed, and

56. *Second,* the taking pictures of photos on Plaintiff's phone which showed her unclothed was not reasonably necessary for the traffic stop, and

57. *Third,* as a direct result, the Plaintiff was damaged. [22]

58. Alcala's conduct therein was malicious or recklessly indifferent to G.E.S.'s constitutional rights.[23]

59. Alcala's conduct therein involved intentional malice and repetition of the wrongful conduct.[24]

WHEREFORE, Plaintiff G.E.S. prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of Plaintiff's constitutional right to be free of unreasonable seizure, for punitive damages, and for taxable costs, non-taxable costs, reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

## COUNT IV
## *MONELL* CLAIM AGAINST CITY OF FLORISSANT

60. Plaintiff incorporates all prior paragraphs.

61. *First*, Defendant Alcala deprived the Plaintiff of her constitutional rights as specified above, [in other instructions], and

62. *Second*, the deprivation of the Plaintiff's constitutional rights directly resulted from either Defendant City of Florissant's (1) failure to supervise, (2) failure to train, or (3) an

---

[22] 8th Cir. model jury instructions, 4.40.
[23] 8th Cir. model jury instructions, 4.72.
[24] 8th Cir. model jury instructions, 4.72.

unofficial custom, or (4) widespread pattern of misconduct; and

63.  *Third*, as a direct result, the Plaintiff was injured.[25]

WHEREFORE, Plaintiff G.E.S. prays for compensatory damages against Defendant City of Florissant for violation of Plaintiff's constitutional rights, and for taxable costs, non-taxable costs, and reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

Respectfully Submitted,

Attorneys for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice:  314-726-2322

   /s/ Daniel L. Goldberg   .
Daniel L. Goldberg, 36982MO
Attorney at Law
228 North Main Street
St. Charles, MO 63301
dgoldberg@228northmain.com
Fax     (636) 949-8277
Voice:  (636) 949-0010

---

[25] 8th Cir. model jury instructions, 4.48.