IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| G.E.S., S.L.D., T.A.M., N.R.T., R.A.T., and K.J.T., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FLORISSANT <br><br> and <br><br> JULIAN ALCALA, <br><br> Defendants. | Civil Action No. 4:24-cv-1412-JSD <br><br> Lead Case |

**MEMORANDUM AND ORDER**

.

In their First Amended Complaint, Plaintiffs S.L.D., T.A.M., G.E.S., N.R.T., R.A.T., and K.J.T. summarized the background facts in support of the cases at issue:

> During traffic stops Defendant Officer Julian Alcala took each Plaintiffs' cell phones back to his patrol car, (ostensibly to check on their insurance), and then used his phone to take pictures of photos they had of themselves on their phones, unclothed. He observed those photos himself, and, on inference, distributed the photos to others. On inference, and subject to discovery, the City [of Florissant] was the cause of those acts through unconstitutional hiring, retention, and supervision of Alcala, and through the unconstitutional allowing of such conduct to become the City's custom and practice. There are approximately 21 victims. (Case No. 4:24cv1412-JSD, ECF No. 11, ¶ 1)

Plaintiffs allege claims under 42 U.S.C. § 1983 for individual liability against Defendant Alcala and municipal custom liability under *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978) and/or failure to instruct, train, supervise, control and/or discipline against Defendant City of Florissant.

On November 14, 2024, Plaintiff Jane Doe filed a Motion for Leave to Proceed Under Pseudonym. (Case No. 1528; ECF No. 2) On December 9, 2024, Plaintiffs Jane Doe 2, Jane Doe

1

3, Jane Doe 4, Jane Doe 5, Jane Doe 6, and John Doe 2 filed their Consent Motion to Proceed Under Pseudonym. (Case No. 4:24cv1445, ECF No. 17). On December 10, 2024, Plaintiffs S.L.D., T.A.M., G.E.S., N.R.T., R.A.T., and K.J.T. filed their Motion to Proceed Under Pseudonym (Case No. 4:24cv1412-JSD, ECF No. 16). On December 13, Plaintiff Julie Doe filed a Motion to Proceed Under Pseudonym (Case No. 4:24cv01571; ECF No. 10). These Motions are all unopposed.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties ...." Similarly, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." These two rules create a "strong presumption against allowing parties to use a pseudonym." *G.C. v. Automated Benefit Servs., Inc.*, No. 22-CV-00949, 2022 WL 4130796, at *1 (E.D. Mo. Sept. 12, 2022) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)); *see also Doe v. Regis Univ.*, No. 21-CV-00580, 2021 WL 5056239, at *1 (D. Colo. Mar. 2, 2021) ("[T]he Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (citing *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998))); *Doe v. Washington Univ.*, 652 F. Supp. 3d 1043, 1045 (E.D. Mo. 2023).

"Despite the presumption against pseudonymity, courts have occasionally permitted plaintiffs to proceed under a pseudonym in exceptional circumstances—such as when the case involves 'limited matters of a sensitive and highly personal nature.'" *G.C.*, 2022 WL 4130796, at *2 (quoting *W.G.A.*, 184 F.R.D. at 617) (cleaned up); *Doe v. Washington Univ.*, 652 F. Supp. 3d at 1045. "Courts in this district have observed that [f]actors weighing in favor of a pseudonym include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing information of the utmost intimacy, (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical

threats, and (5) the plaintiff is particularly vulnerable." *Doe v. Washington Univ.*, 652 F. Supp. 3d at 1046 (citations omitted); *see also id.* ("Courts also require that the moving party show (1) fear of severe harm and (2) that the fear of severe harm is reasonable.") (citations omitted).

As noted by the Plaintiffs, the preceding factors favor allowing Plaintiffs to proceed by pseudonym. Initially, Plaintiffs are challenging governmental action as these lawsuits involve purportedly illegal searches and seizures of pictures on Plaintiffs' phones by Officer Alcala while he was on duty. Further, the items seized by Officer Alcala were nude photos, thereby invoking an issue of utmost intimacy for Plaintiffs. Although Plaintiffs do not risk prosecution, they would face social stigma and would be likewise vulnerable if they were associated with nude photos. In sum, the Court finds that Plaintiffs have a legitimate fear of harm based upon their possible association with nude photos and that fear warrants allowing them to proceed by pseudonyms. Further, the Court finds that Plaintiffs' reasonable concern for their privacy and safety is sufficient to overcome the presumption that this action should be prosecuted by the real parties in interest.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jane Doe's Motion for Leave to Proceed Under Pseudonym. (Case No. 1528; ECF No. 2), Plaintiffs Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, and John Doe 2's Consent Motion to Proceed Under Pseudonym. (Case No. 4:24cv1445, ECF No. 17), Plaintiffs S.L.D., T.A.M., G.E.S., N.R.T., R.A.T., and K.J.T.'s Motion to Proceed Under Pseudonym (Case No. 4:24cv1412-JSD, ECF No. 16), and Plaintiff Julie Doe's Motion to Proceed Under Pseudonym (Case No. 4:24cv01571; ECF No. 10) are **GRANTED**.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 23rd day of December, 2024.