**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| JANE DOE (A.K.A. "A.T."), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: 4:24-cv-01412 JSD |
| | ) |
| CITY OF FLORISSANT, MISSOURI; | ) SECOND AMENDED COMPLAINT |
| | ) |
| and | ) PLAINTIFF DEMANDS A JURY TRIAL |
| | ) |
| JULIAN ALCALA Individually and in his Official Capacity | ) |
| | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S SECOND AMENDED COMPLAINT,**
**CIVIL RIGHTS, 42 U.S.C. 1983:**
**UNLAWFUL SEARCH, UNLAWFUL SEIZURE, SUBSTANTIVE DUE PROCESS, AND**
***MONELL* LIABILITY**

A.T., by counsel Clark L. Jones, states as her Second Amended Complaint, Civil Rights,
42 U.S.C. 1983, for Unlawful Search, Unlawful Seizure, and Substantive Due Process, against
Officer Julian Alcala in his individual capacity only, and for *Monell* liability against the City of
Florissant, as follows:

**INTRODUCTION**

1. During a traffic stop Defendant Officer Julian Alcala took Plaintiff's cell phone back to
his patrol car, (ostensibly to check on her insurance), and then used his phone to take
pictures of photos she had of herself on her phone, unclothed. He observed those photos
himself, and, on inference, distributed the photos to others. On inference, and subject to
discovery, the City of Florissant (hereinafter "the City") was the cause of those acts
through unconstitutional hiring, retention, and supervision of Alcala, and through the

1

unconstitutional allowing of such conduct to become the City's custom and practice. There are approximately 25 victims.

## JURISDICTION AND VENUE

2. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the relevant events occurred within St. Louis County, Missouri, which is within the Eastern Division of this Court.

## COLOR OF STATE LAW

5. At all relevant times, both Defendants acted under color of state law.  Particularly, at all relevant times, both Defendants acted under the color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri.

## JURY DEMAND

6. Plaintiff demands a jury trial on all factual issues, including damages.

## PARTIES

7. Plaintiff is an individual and resident of the state of Missouri.

8. Defendant City of Florissant is a lawfully formed and functioning municipality in St. Louis County, Missouri.

9. Defendant Officer Julian Alcala is an individual residing in Jefferson County, Missouri.

10. At all relevant times Alcala was employed as a police officer by Defendant City of Florissant.  Plaintiff seeks to hold him liable in his individual capacity only.

## FACTS

### Alcala's Conduct – in General – Applicable to Plaintiff

11. In **February of 2024**, Officer Alcala initiated a traffic stop of **A.T.** in Florissant, Missouri. He requested A.T.'s insurance, which was on her phone. A.T. provided her phone to Alcala and Alcala took the phone back to his cruiser.

12. Later, **A.T.** checked her phone. She noticed there was a deleted text message from the time when Alcala had her pulled over. Alcala, without permission, texted himself (a) picture(s) and/or video(s) from her phone.

13. The pictures and/or videos were intimate and/or private picture(s) and/or  video(s) that **A.T.** had created for private use, and she did not intend for them to be seen by anyone other than herself.

14. Alcala sent himself the picture(s) and/or video(s) of **A.T.**. In an effort to hide his tracks, he deleted the text.

15. In addition to taking the video(s), Alcala also took a picture(s) of (a) nude image(s) of **A.T.** from her phone.

16. **A.T.** did not give Alcala permission to search for her phone or seize anything from it.

17.  Upon information and belief, Alcala has shown and/or provided the picture(s) and/or video(s) taken from A.T.'s phone to third parties and/or the general public.

18. As a result of the actions of the Defendants, others in addition to Alcala have seen the intimate images from **A.T.**'s phone, without her permission.

19. **A.T.** has experienced pain and suffering, loss of enjoyment of life, embarrassment, and will continue to experience these harms in the future.

20. **Plaintiff** has drafted an affidavit which she has attached to this Second Amended Complaint as **Exhibit 1** and which she incorporates here by reference fully as if stated in its entirety herein and verbatim.

3

**Plaintiff Had No Knowledge**

21.   Plaintiff did not have knowledge that Alcala had taken photos of her or had distributed the photos to others, if that occurred, until an FBI agent contacted her several months later.

**No Warrants, No Probable Cause**

22.   Alcala did not have a warrant to search or seize the Plaintiff's phone or the pictures on her phone.

23.   Alcala did not have probable cause to search or seize Plaintiff's phone or the pictures on her phone.

**No Permission**

24.   Plaintiff did not give Alcala permission to:

   a.   Examine the photos on her phone,

   b.   Take photos of the pictures on her phone,

   c.   Distribute those pictures to others, if that occurred.

**Other Victims**

25.   On information and belief there are approximately 21 victims.

**Indictment**

26.   On November 13, 2024, the United States indicted Alcala for this conduct, see Case Nos. 4:24-CR-00594 HEA SRW, and 4:24-CR-00594 HEA SRW-1.

**The City's Conduct**

27.   On inference, and subject to discovery, the City was the cause of these acts through the unconstitutional hiring, retention, and supervision of Alcala, and through the unconstitutional allowing of such conduct to become a custom and practice.

4

28. On inference the City's conduct was a deliberate choice of a guiding principle or procedure made by municipal officials with final authority regarding such matters.[1]

## DAMAGES TO PLAINTIFFS

29. Plaintiff has suffered shocking degradation and egregious humiliation.

30. Plaintiff has suffered stress, fear and indignity.

31. Plaintiff has lost respect for police and law enforcement.

32. Plaintiff has suffered loss of enjoyment of life.

33. Plaintiff has suffered emotional distress as a result of this conduct.

34. Plaintiff's damages are continuing into the present and will continue into the foreseeable future.

## UNREASONABLE SEARCH AND SEIZURE, WELL ESTABLISHED OR SO EGREGIOUS

35. The search of Plaintiff's photos on her cell phone served no legitimate law enforcement or government purpose and was unconstitutional under the Fourth Amendment.

36. The seizure of Plaintiff's photos by Alcala, by his taking pictures with his phone of those photos, served no legitimate law enforcement purpose, and was unconstitutional under the Fourth Amendment.

37. The right to be free of an unreasonable seizure of unclothed photos on a cell phone by government actors, for no legitimate law enforcement or government purpose, is well established, or the conduct is so egregious that any reasonable officer would have realized that searching Plaintiff's phone for photos of herself unclothed would offend the Constitution and so no prior case with the same fact pattern is required to meet the clearly

---

[1] *Corwin v. City of Independence.*, 829 F.3d 695, 700 (8th Cir. 2016)

5

established prong of the qualified immunity analysis.[2]

## POSSIBLE DISTRIBUTION OF PHOTOS TO OTHERS

38.   On inference Alcala, after he had seized Plaintiff's photos he distributed each Plaintiff's photos to others.

39.   In the alternative, for damages purposes, any distribution of the photos to others falls within the ambit of the unconstitutional seizure of the photos.

## BODILY INTEGRITY, RIGHT TO PRIVACY, SUBSTANTIVE DUE PROCESS

40.   The right to privacy is embodied in the Fourteenth Amendment and includes an individual's interest in avoiding disclosures of personal matters.[3]

41.   In this case Plaintiff distinguishes the seizure of the photos from the observation of the photos, and/or the distribution of the photos, and thus the substantive due process claim may be brought in addition to the unconstitutional searches claim and the unconstitutional seizure claims.

42.   The observation of Plaintiff's photos was either a shocking degradation and/or an egregious humiliation of each Plaintiff to further some specific state interest, and/or a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information.[4]

43.   The distribution of those photos to others, if that occurred, was either a shocking degradation and/or an egregious humiliation of Plaintiff to further some specific state interest, and/or a flagrant breach of a pledge of confidentiality which was instrumental in

---

[2] *Taylor v. Riojas*, 592 U.S. 7, 9 (2020)

[3] *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir. 1993) citing *Whalen v. Roe*, 429 U.S. 589 (1977)

[4] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435 F. Supp. 3d 955, 976 (N.D. Iowa 2020).

obtaining her personal photos.[5]

44.     Plaintiff acknowledges *Dillard v. O'Kelley*, 961 F.3d 1048 (8th Cir. 2020) rejecting in the

Eighth Circuit a constitutional right to privacy in electronic records.  Plaintiff in good

faith seeks a change in the law, perhaps by resolution of a circuit split by the Supreme

Court.  See footnote 6 of that opinion, Grasz concurring, which reads:

> Several of our sister circuits have denied qualified immunity while finding the
> right to informational privacy was clearly established. *See Anderson v. Blake*, 469
> F.3d 910, 912, 917 (10th Cir. 2006) (video of rape victim's assault disclosed by
> police officer); *Sterling v. Borough of Minersville*, 232 F.3d 190, 192 (3d Cir.
> 2000) (threat to disclose arrestee's sexual orientation); *Denius v. Dunlap*, 209 F.3d
> 944, 956–57 (7th Cir. 2000) (medical information of a teacher); *James v. City of
> Douglas, Georgia*, 941 F.2d 1539, 1540–41 (11th Cir. 1991) (police officer
> viewed and allowed other people to view video of informant and suspect engaging
> in sexual activity). Other circuits have recognized the right and found violations.
> *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (recognizing the
> constitutional right to confidentiality of a HIV diagnosis).

45.     Plaintiff had a legitimate expectation that if Alcala did obtain such photos, that the photos

would remain confidential while in his possession.[6]

46.     The photos were inherently private and are thus entitled to constitutional protection.[7]

47.     The right to privacy is deeply rooted in this Nation's history and tradition, and implicit in

the concept of ordered liberty, such that neither liberty nor justice would exist if they

were sacrificed.[8]

48.     Plaintiff has a Fourteenth Amendment due process right as a protection against

unreasonable bodily intrusions by state-actors, which includes a substantive due process

---

[5] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435
F. Supp. 3d 955, 976 (N.D. Iowa 2020).
[6] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435
F. Supp. 3d 955, 976 (N.D. Iowa 2020).
[7] *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996), cited favorably in *Roskens v. Graham*, 435
F. Supp. 3d 955, 976 (N.D. Iowa 2020).
[8] *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)

7

right to bodily integrity and bodily privacy.[9]

49.     If it occurred, Alcala's distribution of the photos to others shocks the conscience.[10]

50.     Even if Alcala did not distribute the photos to others, the seizure of the photos by him shocks the conscience.

51.     Alcala's conduct was truly irrational, that is, it was something more than arbitrary, capricious, or a violation of state law.[11]

### *MONELL* LIABILITY[12]

52.     On inference, supported by the number of victims:

   a.     There was a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; or

   b.     There was deliberate indifference to or tacit authorization of such conduct by the city's policymaking officials after notice to the officials of that misconduct; or

---

[9] The Supreme Court has recognized a "liberty interest" in "bodily integrity," *id.*, meaning the Due Process Clause protects individuals from some government intrusions into their body. *United States v. Morris*, 494 F. App'x 574, 580 (6th Cir. 2012) (explaining a Fourteenth Amendment due process right as "protection against unreasonable bodily intrusions by state-actors"); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 795 (8th Cir. 1998) (recognizing a "substantive due process right to bodily integrity"); *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1160–61 (9th Cir. 2020) (discussing Fourteenth Amendment's clearly established due process right to "bodily privacy"), *Doe v. Saint Louis Pub. Sch.*, No. 4:19-CV-3080-MTS, 2022 WL 2156970, at *4 (E.D. Mo. June 15, 2022).

[10] "Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881–82 n.6 . (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 882 n.7 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, (1998)). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " *Id.* (quoting *Sacramento*, 523 U.S. at 848 n. 8). *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020).

[11] *Klein v. McGowan,* 198 F.3d 705, 710 (8th Cir.1999)

[12] *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

c.   Plaintiff was injured by acts pursuant to the City's custom, that is, the custom was a moving force behind the constitutional violation.[13]

d.   Officials of the City of Florissant should have known Alcala was engaged in misconduct because of his many stops of females without giving them tickets.

### PUNITIVE DAMAGES AGAINST ALCALA

53.   Alcala's conduct was malicious or recklessly indifferent to Plaintiff's constitutional right to be free of unanimous consent search, unconstitutional seizure, and substantive due process.[14]

54.   Alcala's conduct involved intentional malice and repetition of the wrongful conduct.[15]

### ATTORNEY'S FEES AND COSTS

55.   In pursuit of her § 1983 civil rights claims, Plaintiff is incurring reasonable attorney's fees, and also taxable and non-taxable costs

### COUNT I
### UNCONSTITUTIONAL SEARCH AGAINST ALCALA

56.   Plaintiff incorporates all prior paragraphs.

57.   *First,* during the traffic stop Defendant Alcala searched Plaintiff's photos and saw photos of Plaintiff unclothed and/or clothed but still of an intimate and/or private nature, and

58.   *Second,* the search of the photos on Plaintiff's phone was not reasonably necessary for the traffic stop, and

59.   *Third,* as a direct result, Plaintiff was damaged.[16]

---

[13] *Corwin v. City of Independence.*, 829 F.3d 695, 700 (8th Cir. 2016), (quoting *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014))
[14] 8th Cir. model jury instructions, 4.72.
[15] 8th Cir. model jury instructions, 4.72.
[16] 8th Cir. model jury instructions, 4.40.

60.    Alcala's conduct therein was malicious or recklessly indifferent to Plaintiff's constitutional rights.[17]

61.    Alcala's conduct therein involved intentional malice and repetition of the wrongful conduct.[18]

WHEREFORE, Plaintiff prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of her constitutional right to be free of unreasonable search, for punitive damages, and for taxable costs, non-taxable costs, reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

## COUNT II
## UNCONSTITUTIONAL SEIZURE AGAINST ALCALA

62.    Plaintiff incorporates all prior paragraphs.

63.    *First,* Defendant Alcala used his own phone to take pictures of the photos of Plaintiff on Plaintiff's phone, unclothed and/or clothed but still of an intimate and/or private nature, and

64.    *Second,* the taking of pictures of photos on Plaintiff's phone which showed each Plaintiff unclothed and/or clothed but still in an intimate and/or private setting was not reasonably necessary for the traffic stop, and

65.    *Third,* as a direct result, the Plaintiff was damaged. [19]

66.    In the alternative, the distribution of the photos to others was part of the damages for the seizure of the photos.

---

[17] 8th Cir. model jury instructions, 4.72.
[18] 8th Cir. model jury instructions, 4.72.
[19] 8th Cir. model jury instructions, 4.40.

67.     Alcala's conduct therein was malicious or recklessly indifferent to Plaintiff's constitutional rights.[20]

68.     Alcala's conduct therein involved intentional malice and repetition of the wrongful conduct.[21]

WHEREFORE, Plaintiff prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of her constitutional right to be free of unreasonable seizure, for punitive damages, and for taxable costs, non-taxable costs, reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

**COUNT III**
**SUBSTANTIVE DUE PROCESS AGAINST ALCALA**
**FOR OBSERVING THE PHOTOS**
**IN THE ALTERNATIVE**

69.     Plaintiff incorporates all prior paragraphs.

70.     *First*, Defendant Alcala observed the photos of Plaintiff, unclothed and/or clothed but still of an intimate and/or private nature, and

71.     S*econd*, that action was so egregious and outrageous that it shocks the conscience and was not justified by governmental interest, and

72.     *Third*, as a direct result, Plaintiff was damaged.[22]

73.     Alcala's conduct therein was malicious or recklessly indifferent to Plaintiff's constitutional rights.[23]

74.     Alcala's conduct therein involved intentional malice and repetition of the wrongful

---

[20] 8th Cir. model jury instructions, 4.72.
[21] 8th Cir. model jury instructions, 4.72.
[22] 8th Cir. model jury instructions, 4.40, *Vaughn v. Ruoff*, 304 F.3d 793, 796 (8th Cir. 2002).
[23] 8th Cir. model jury instructions, 4.72.

conduct.[24]

WHEREFORE, Plaintiff prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of that Plaintiff's constitutional right to substantive due process, for punitive damages, and for taxable costs, non-taxable costs, reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

**COUNT IV**
**SUBSTANTIVE DUE PROCESS AGAINST ALCALA**
**FOR DISTRIBUTION OF THE PHOTOS**
**IN THE ALTERNATIVE**

75. Plaintiff incorporates all prior paragraphs.

76. *First*, Defendant Alcala distributed the photos of Plaintiff, unclothed and/or clothed but still of an intimate and/or private nature, and

77. S*econd*, that action was so egregious and outrageous that it shocks the conscience and was not justified by governmental interest, and

78. *Third*, as a direct result, Plaintiff was damaged.[25]

79. Alcala's conduct therein was malicious or recklessly indifferent to Plaintiff's constitutional rights.[26]

80. Alcala's conduct therein involved intentional malice and repetition of the wrongful conduct.[27]

WHEREFORE, Plaintiff prays for compensatory damages against Defendant Officer Julian Alcala in his individual capacity for violation of Plaintiff's constitutional right to

---

[24] 8th Cir. model jury instructions, 4.72.
[25] 8th Cir. model jury instructions, 4.40, *Vaughn v. Ruoff*, 304 F.3d 793, 796 (8th Cir. 2002).
[26] 8th Cir. model jury instructions, 4.72.
[27] 8th Cir. model jury instructions, 4.72.

substantive due process, for punitive damages, and for taxable costs, non-taxable costs, reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

## COUNT V
### *MONELL* CLAIM AGAINST CITY OF FLORISSANT

81.    Plaintiff incorporates all prior paragraphs.

82.    *First*, Defendant Alcala deprived Plaintiffs of her constitutional rights as specified above, [in other instructions], and

83.    *Second*, the deprivation of Plaintiff's constitutional rights directly resulted from either Defendant City of Florissant's (1) failure to supervise, (2) failure to train, or (3) an unofficial custom, or (4) widespread pattern of misconduct; and

84.    *Third*, as a direct result, Plaintiff was injured.[28]

WHEREFORE, Plaintiff prays for compensatory damages against Defendant City of Florissant for violation of her constitutional rights, and for taxable costs, non-taxable costs, and reasonable statutory attorney's fees under 42 U.S.C. § 1988, and for such other relief as may be just, meet and reasonable.

Respectfully Submitted,

*/s/ Clark L. Jones*

CLARK L. JONES                    #61463
JONES, POWELL AND STEVENS, LLC
414 E Broadway, Ste. 200
Columbia, MO 65201
Phone No. (573) 449-2451
Fax No. (573) 443-8620
E-mail: clj@11-7law.com

*Attorney for Plaintiff*

---

[28] 8th Cir. model jury instructions, 4.48.

13

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of April 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system in each of the captioned actions, which will send notice of electronic filing to all counsel of record for all parties herein.

/s/ *Clark L. Jones*
Clark L. Jones
*Attorney for Plaintiff A.T.*

14