UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| G.E.S., et al., | ) |
| | ) Case No.: 4:24-CV-01412 |
| Plaintiffs, | ) |
| | ) Consolidated for purposes of discovery with: |
| vs. | ) |
| | ) Case No.: 4:24-CV-01445-JSD |
| CITY OF FLORISSANT and OFFICER | ) Case No.: 4:24-CV-01528-JSD |
| JULIAN ALCALA, | ) Case No.: 4:24-CV-01571-JSD |
| | ) Case No.: 4:25-CV-00073-JSD |
| Defendants. | ) Case No.: 4:25-CV-00193-JSD |

**DEFENDANT CITY OF FLORISSANT, MISSOURI'S UNIFIED MOTION TO DISMISS**

COMES NOW, Defendant City of Florissant, Missouri ("City"), and for its Unified Motion

to Dismiss Plaintiffs' Complaints in the above referenced causes of action under Fed. R. Civ. P.

12(b)(6), states:

1.  Plaintiffs in the above-referenced six lawsuits have filed various claims against Mr.

    Alcala and the City.

2.  Specifically, the general factual allegations underpinning the complaints are the same:

    Plaintiffs have alleged Mr. Alcala, under the guise of a traffic stop, took cell phones of

    drivers to his vehicle, searched through them, and obtained nude photographs and/or

    videos from the phones.

3.  Plaintiffs claim liability under 42 U.S.C. § 1983 should be extended to the City under

    *Monell* on the grounds that the City had unconstitutional custom(s) and that the City

    failed to train, supervise, and discipline Mr. Alcala.

4.  Plaintiffs' *Monell* claim should be dismissed because they have failed to sufficiently

    and plausibly allege any facts implicating *Monell* liability because, among other things:

a.  Plaintiffs failed to allege facts demonstrating the existence of a continuing, widespread, persistent pattern of unconstitutional conduct by the Department's officers;

b.  Plaintiffs failed to allege facts demonstrating deliberate indifference to or tacit authorization of such conduct by the City's policymaking officials after those policymaking officials received notice of the alleged misconduct of Mr. Alcala or similar misconduct by others;

c.  Plaintiffs failed to allege any injury by acts pursuant to the City's custom, i.e., that the custom was the moving force behind any constitutional violation;

d.  Plaintiffs failed to allege any facts supporting an alleged failure to train or supervise;

e.  Plaintiffs failed to allege a responsibility of the City to train in light of the Missouri Department of Public Safety's responsibility for training officers;

f.  Plaintiffs failed to allege facts demonstrating the City's policymaking officials knew (or, *arguendo*, should have known) that the Department's training was inadequate and that such failure reflects a deliberate and conscious by the City, or that such failure to train actually caused Plaintiffs' harm;

g.  Plaintiffs fail to allege facts demonstrating that the City's supervision and discipline practices were inadequate;

h.  Plaintiffs fail to allege facts demonstrating that the City's policymakers were deliberately indifferent to the supervision and discipline practices such that its failure reflects a deliberate or conscious choice by the City; and

2

    i.  Plaintiffs fail to allege facts demonstrating that any deficiency in the City's supervising and disciplining procedures actually caused Plaintiffs' injuries.

5.  Plaintiffs' claim also must fail because a policymaking official of the City cannot exhibit fault rising to the level of deliberate indifference to any claimed right to informational privacy because such right was not clearly established as of January through May 2024.

6.  Additionally, where a particular amendment applies to a situation, the Fourteenth Amendment's Substantive Due Process clause does not provide relief.

7.  Plaintiffs have failed to show how this was anything other than an unauthorized intentional conduct of Mr. Alcala such that the City could somehow provide some procedure pertaining to the alleged events for purposes of a Procedural Due Process claim.

8.  The City is immune from punitive damages requested under 42 U.S.C. § 1983.

WHEREFORE, the City respectfully requests that this Court enter an Order dismissing it entirely from Plaintiffs' Complaints, and for such further relief consistent with the above, and what other relief this Court deems just and proper.

/s/ Robert T. Plunkert
Robert T. Plunkert  #62064MO
PITZER SNODGRASS, P.C.
Attorney for Defendant City of Florissant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 23rd day of April, 2026:

W. Bevis Schock
SCHOCK LAW
7777 Bonhomme Ave., Ste. 1300
St. Louis, Missouri 63105
Phone: 314-726-2322
Fax: 314-721-2322
wbschock@schocklaw.com
*Attorney for Plaintiff*

Daniel L. Goldberg
ATTORNEY AT LAW
228 North Main Street
St. Charles, Missouri 63301
Phone: 636-949-0010
Fax: 636-949-8277
dgoldberg@228northmain.com
*Attorney for Plaintiff*

Jason S. Retter
HELLMICH, HILL & RETTER, LLC
1049 North Clay Avenue
Kirkwood, Missouri 63122
Phone: 314-646-1110
Fax: 314-646-1122
jason@hellmichhillretter.com
*Attorney for Defendant Julian Alcala*

J.C. Pleban
PLEBAN AND ASSOCIATES LAW LLC
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666
Fax: 314-645-7376
Email: jc@plebanlaw.com
*Attorney for Plaintiff Jane Doe 2, Jane Doe 3, Jane Doe 4, John Doe 2, Jane Doe 5, Jane Doe 6, Jane Doe 7,*

Dylan Scott Ashdown
Talmage E. Newton, IV
Brandy B. Barth
NEWTON BARTH LLP
555 Washington Avenue
Suite 420
St. Louis, MO 63101
314-272-4490
Email: dylan@newtonbarth.com
Email: talmage@newtonbarth.com
Email: brandy@newtonbarth.com
*Attorneys for Plaintiff Jane Doe from 4:24-CV-01528-JSD*

Justin K. Summary
THE SUMMARY LAW FIRM
4542 W. Pine Blvd.
Saint Louis, MO 63108
314-361-5678
Fax: 314-828-8292
Email: justin@summarylawfirm.com
*Attorney for Plaintiff Julie Doe*

4

Christopher A. Allen
ALLEN INJURY LAW LLC
7800 Forsyth Blvd.
Suite 600
Clayton, MO 63105
314-300-8380
Fax: 314-476-9533
Email: callen@alleninjury.com
*Attorney for Plaintiff J.M.*

Clark L. Jones
JONES, POWELL AND STEVENS, LLC
414 E. Broadway, Ste. 200
Columbia, Missouri 65201
Phone: 573-507-3889
Fax: 573-443-8620
clj@11-7law.com
*Attorney for Plaintiff A.T.*

 /s/ Phillip B. Schatz

5